IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES THOMAS ANDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 16-10-LPS |
| | : | |
| GTCR, LLC, GTCR GOLDER RAUNER | : | |
| L.L.C., GTCR GOLDER RAUNER II | : | |
| L.L.C., GTCR FUND VIII, L.P., AND | : | |
| GTCR FUND VII, L.P., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **29th** day of **September, 2016**:

Pending before the Court is Defendants GTCR, LLC, GTCR Golder Rauner L.L.C.,

GTCR Golder Raunder II L.L.C., GTCR Fund VIII, L.P., and GTCR Fund VII, L.P.'s

("Defendants" or "GTCR") Motion to Dismiss or Stay (D.I. 12) ("Motion"). Having reviewed

the parties' briefing (D.I. 13, 24, 25, 31, 32, 33) and related filings, **IT IS HEREBY ORDERED**

that, for the reasons below,

    (1) Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

        (a) Defendants' motion to stay is **DENIED** and

        (b) Defendants' motion to dismiss is **GRANTED**; and

    (2) Plaintiff's complaint (D.I. 1) is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

Plaintiff John Thomas Anderson was one of four founders of Capella Holdings, Inc.

1

("Capella"), a Delaware corporation.[1]  (D.I. 1 ¶ 28)  Capella was formed in April 2005 to own

and operate acute care hospitals and ancillary facilities and services.  (*Id.*)  As of April 16, 2014,

Plaintiff owned approximately 6% of the common shares issued and outstanding of Capella.

(*Id.*)

At the time Capella was formed, Defendants and/or affiliates of Defendants invested

$206 million in Capella in exchange for approximately 79.1% of the common shares issued and

outstanding of Capella and 206,000 preferred shares, which accrued interest-in-kind at a rate of

approximately 7% per year.  (*Id.* ¶ 31-32)  The interest-in-kind resulted in the accrual of

additional preferred shares until the original and accrued preferred shares were redeemed by the

company.  (*Id.* ¶ 32)

In the summer of 2013, GTCR decided to try to sell Capella.  (*Id.* ¶ 33)  The sale process

conducted on behalf of the company resulted in a bid by Apollo Global Management, LLC

("Apollo") of $200 million for proposed convertible preferred securities in Capella

Holdings.  (*Id.* ¶ 38)  As proposed by Apollo, Apollo would convert their convertible securities

into common shares of Capella sufficient for Apollo to own at least 51% of the issued and

outstanding shares of Capella.  (*Id.*)  GTCR did not accept the Apollo bid and terminated the sale

process.  (*Id.* ¶ 41)  Plaintiff alleges that "[t]he Apollo bid represented a per-share price of at least

$3.17 per share for the common shares of Capella."  (*Id.* ¶ 40)

In February 2014, a potential recapitalization of Capella was presented to and discussed

by the company's board of directors, including Plaintiff – who was a director of the company at

---

[1]Unless otherwise noted, the facts recited herein are taken from Plaintiff's complaint (D.I. 1 ¶¶ 28-85), which the Court generally "accept[s] as true" for purposes of deciding Defendants' Motion. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

the time. (*Id.* ¶¶ 46, 49)  The recapitalization plan was formally presented to the board for a vote on April 17, 2014.  (*Id.* ¶ 54-55)  The proposed recapitalization plan called for conversion of GTCR's preferred shares into common shares of the company at a value of $0.175 per common share.  (*Id.* ¶ 58)  The stated basis for the 17.5¢ per share valuation of the Company's common stock was the amount of money that various investors had paid for their shares, starting in 2005.  (*Id.* ¶ 61)

Plaintiff voted against the recapitalization plan, arguing that the plan was unfair to the existing common stockholders.  (*Id.* ¶ 70)  Over Plaintiff's objection, the Capella board approved the proposed recapitalization plan.  (*Id.* ¶ 71)  Plaintiff alleges that "[t]he valuation of the common shares of GTCR that were converted under the 'recapitalization' was unreasonably low, intended specifically to dilute the existing common shareholders in order to convey the value of their shares to GTCR and its affiliates."  (*Id.* ¶ 75)

On September 26, 2014, Plaintiff filed equitable claims, including breach of fiduciary duty claims, against Capella and the other directors of Capella in an already-pending lawsuit filed by Capella against Plaintiff in the Delaware Court of Chancery.  (*Id.* ¶ 78)  Capella and its directors moved to dismiss Plaintiff's fiduciary duty claims.  (*Id.* ¶ 79)  On July 8, 2015, Vice Chancellor John Noble dismissed with prejudice Plaintiff's fiduciary duty claims.  *See Capella Holdings, Inc. v. Anderson*, 2015 WL 4238080, at *1 (Del. Ch. July 8, 2015).  Litigation between the parties in the Court of Chancery "remains active" on the claims filed by Capella and the directors against Plaintiff.  (D.I. 13 at 1; *see also* D.I. 24 at 3 ("Discovery is now ongoing in Delaware Chancery Court . . . ."))

On or about July 26, 2015, Capella announced that it was selling substantially all of its

3

assets to Medical Properties Trust ("MPT").  (D.I. 1 ¶ 80)  Under the terms of the deal between

MPT and Capella, MPT agreed to pay over $900 million cash for substantially all of the

remaining assets of Capella.  (*Id.* ¶ 81)  Plaintiff alleges that, in light of the sale to MPT, the

earlier recapitalization resulted in an actual loss to him of millions of dollars, "although the

precise amount of his loss is not calculable at this time (based on facts currently known by Mr.

Anderson) but is reasonably calculable upon adequate discovery."  (*Id.* ¶ 82)  Plaintiff states in

his brief opposing Defendants' Motion that "the common shares at the time of the

reorganization" in April 2014 were worth "$2.00+/share, as indicated by the actual sale of the

Company after the reorganization," i.e., in July 2015.  (D.I. 24 at 16)

On February 8, 2016, Defendants moved to stay or dismiss this case.  (D.I. 12)  The

Plaintiff filed this diversity action in this Court on January 8, 2016.  (D.I. 1)  In his

complaint, Plaintiff alleges that Defendants breached the fiduciary duties they as controlling

shareholders owed to Plaintiff as a minority shareholder.  (*Id.* ¶ 1) (citing *Sinclair Oil Corp. v.

Levien*, 280 A.2d 717 (Del. 1971))  Plaintiff's factual allegations with respect to alleged breaches

of the duties of loyalty and good faith in this case are substantially identical to those he asserted

in the Court of Chancery, with the exception of facts regarding the sale to MPT, which occurred

after Plaintiff had filed his fiduciary claims in the Court of Chancery.  (*See* D.I. 13-1 Ex. C

(redline comparison of Plaintiff's Delaware and federal pleadings))  In addition, Plaintiff did not

assert breach of the duty of care in this case, whereas Plaintiff did allege such a breach in the

Court of Chancery action.  (*Id.* at 34)

On February 8, 2016, Defendants moved to stay or dismiss this case.  (D.I. 12)  The

parties completed briefing on Defendants' Motion on March 14.  (D.I. 13, 24, 25)  The Court

heard oral argument on April 26.  (*See* D.I. 30, Transcript ("Tr."))  At the April 26 hearing, the

4

Court ordered the parties to submit additional briefing on three issues: (1) whether issue

preclusion bars Plaintiff's claims, (2) the effect of *Moses H. Cone Mem'l Hosp. v. Mercury*

*Constr. Corp.*, 460 U.S. 1 (1983), on the Court's *Colorado River* abstention analysis, and (3) the

Court's inherent authority to stay the current action pending resolution of the Chancery

proceedings.  The parties completed supplemental briefing on these topics on July 13.  (D.I. 31,

32, 33)[2]

## II.     LEGAL STANDARDS

### A.     *Colorado River* Abstention

"The general rule regarding simultaneous litigation of similar issues in both state and

federal courts is that both actions may proceed until one has come to judgment, at which point

that judgment may create a res judicata or collateral estoppel effect on the other action." *Univ. of*

*Maryland at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir. 1991).

"Nevertheless, in *Colorado River*, 424 U.S. at 817, the Supreme Court recognized that there are

certain extremely limited circumstances in which a federal court may defer to pending state court

proceedings based on considerations of 'wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation.'" *Ryan v.*

*Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (quoting *Colorado River*, 424 U.S. at 817).

"A threshold issue that must be decided in any *Colorado River* abstention case is whether

the [state and federal] actions are 'parallel.'" *Ryan*, 115 F.3d at 196.  "In order for *Colorado*

---

[2]In light of the Court's disposition of this case on the merits, the Court need not, and does not, address the parties' arguments regarding issue preclusion or the Court's inherent authority to stay this case.  The Court **has** considered the parties' arguments about the *Moses H. Cone* case in connection with the Court's decision not to abstain under *Colorado River*.

*River* abstention to be appropriate, there must be parallel state and federal litigations that are truly duplicative." *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997) (internal quotation marks omitted). "Two proceedings generally are considered parallel when they 'involve the same parties and substantially identical claims, raising nearly identical allegations and issues.'" *Golden Gate Nat. Sr. Care, LLC v. Minich ex rel. Estate of Shaffer*, 629 F. App'x 348, 350 (3d Cir. 2015) (quoting *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005) (internal citation and quotation marks omitted)). In order for state and federal proceedings to be "parallel," plaintiffs in both fora should generally be "seek[ing] the same remedies." *Golden Gate*, 629 F. App'x at 350 (citing *Harris v. Pernsley*, 755 F.2d 338, 346 (3d Cir. 1985)).

"If a court finds the proceedings to be parallel, it then carefully balances a host of factors to determine if abstention is warranted, bearing in mind that it should place a thumb on the scales in favor of granting jurisdiction." *Golden Gate*, 629 F. App'x at 350 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). The Court of Appeals for the Third Circuit has identified six factors for determining whether, when there are parallel cases in state and federal courts, abstention is warranted under *Colorado River*:

> (1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009) (internal quotation marks omitted). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful

balancing of the important factors as they apply in a given case, with the balance heavily

weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. "No one

factor is determinative; a carefully considered judgment taking into account both the obligation

to exercise jurisdiction and the combination of factors counseling against that exercise is

required." *Hamilton*, 571 F.3d at 308 (quoting *Colorado River*, 424 U.S. at 818-19).

### B.     Motion to Dismiss for Failure to State a Claim

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires

the Court to accept as true all material allegations of a complaint. *See Spruill v. Gillis*, 372 F.3d

218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory

Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the

Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in

the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not

entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation

marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a

right to relief above the speculative level on the assumption that the allegations in the complaint

are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation

marks omitted)). A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint must state enough facts

7

to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III.    DISCUSSION

In their Motion, Defendants argue that: (1) this case should be dismissed in light of a forum selection provision in Capella's corporate charter, specifying the Delaware Court of Chancery as the "sole and exclusive forum" for actions such as this one (D.I. 13 at 6-10); (2) the Court should abstain from hearing this case in light of the "*Colorado River* doctrine" prescribed in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (*id.* at 10-17), which permits abstention by a District Court in certain limited circumstances when there is a parallel proceeding in state court; and (3) the Court should dismiss Plaintiff's complaint for failure to state a claim of breach of fiduciary duty under Delaware law (*id.* at 17-20).  The Court addresses each of these arguments in turn below.

### A.    Motion to Dismiss Based on Forum Selection Provision

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), arguing that

Capella's charter mandates that Plaintiff litigate this dispute in the Delaware Court of Chancery.

(D.I. 13 at 6)  "[A] forum selection clause adopted by a board with the authority to adopt bylaws

is valid and enforceable under Delaware law to the same extent as other contractual forum

selection clauses."  *Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 940 (Del.

Ch. 2013).  "The settled approach of [Delaware] law regarding bylaws is that courts should

endeavor to enforce them to the extent that it is possible to do so without violating anyone's legal

or equitable rights."  *Id.* at 949; *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15

(1972) (holding that forum selection clause "should control absent a strong showing that it

should be set aside").

Capella's forum selection clause reads as follows:

> Unless otherwise waived by resolution of the Board, the
> Court of Chancery of the State of Delaware shall be the sole and
> exclusive forum for (i) any derivative action or proceeding brought
> on behalf of the Corporation, (ii) ***any action asserting a claim of***
> ***breach of a fiduciary duty owed by any director or officer of the***
> ***Corporation to the Corporation or the Corporation's***
> ***stockholders***, (iii) any action asserting a claim arising pursuant to
> any provision of the General Corporation Law of the State of
> Delaware or the Corporation's Second Amended and Restated
> Certificate of Incorporation of by-laws or (iv) any action asserting
> a claim against the Corporation governed by the internal affairs
> doctrine, except, as to each of (i) through (iv), for any claim for
> which the Delaware Chancery Court determines there is an
> indispensable party not subject to it jurisdiction (and such party
> does not consent to such jurisdiction within ten days of such
> determination).

(D.I. 13-1 Ex. H Art. 10) (emphasis added)  Defendants argue that this action comes within the

forum selection clause because "Plaintiff's claims against GTCR are predicated on allegations of 'breach of a fiduciary duty owed by [a] director or officer of the Corporation to the Corporation or the Corporation's stockholders.'" (D.I. 13 at 10)  Plaintiff counters that the forum selection clause does not apply to this case because Plaintiff alleges breaches of duties (of loyalty and good faith) which are owed by a ***controlling shareholder*** to minority shareholders, not breaches of any duties owed by ***officers or directors***.  (*See* D.I. 24 at 8)

Although Plaintiff's complaint alleges breaches of fiduciary duties by GTCR-affiliated directors, the Court agrees with Plaintiff that his complaint independently states claims for breaches of fiduciary duties owed by a controlling shareholder.  (*See, e.g.*, D.I. 1 ¶ 90 ("GTCR breached its duty of loyalty to the Company's common stockholders, in particular, without limitation, by diluting the relative ownership holdings of the common stockholders through the recapitalization to its own advantage."); *id.* ¶ 107 ("Each of the GTCR defendants breached their fiduciary duty of good faith to the common stockholders of the Company."))

Defendants argue that the forum selection clause specifies the ***conduct*** that falls under the clause rather than the ***identity*** of the litigants that trigger the clause.  (D.I. 13 at 10)  Thus, Defendants argue that "Plaintiff's tactical decision to sue GTCR but not the individual GTCR-affiliated directors in this Court does not defeat application of the forum selection clause."  (*Id.*)  According to Defendants, Plaintiff presses identical claims in this Court as the claims he filed in the Court of Chancery.  (*Id.*)  The Court disagrees.

The first paragraph of Plaintiff's complaint makes clear that Plaintiff is suing Defendants in their collective capacity as "controlling shareholder."  (D.I. 1 ¶ 1)  Plaintiff argued at the hearing that duties owed by a controlling shareholder to minority shareholders are not the same

10

as duties owed by directors.  (Tr. at 52-55)  It is for this reason that Plaintiff does not allege

breach of a duty of care (against Defendants as controlling shareholders) in this case, although

Plaintiff *did* make such an allegation in the Court of Chancery (against other parties).  (D.I. 13-1

Ex. C at 34)  "Under Delaware law a shareholder owes a fiduciary duty only if it owns a majority

interest in or exercises control over the business affairs of the corporation." *Ivanhoe Partners v.

Newmont Min. Corp.*, 535 A.2d 1334, 1344 (Del. 1987).

That there are differences between the claims here and the claims that Plaintiff filed in

Chancery is also shown by the reality that this action may involve factual disputes that would not

have been of any relevance in the Chancery action.  For example, there may be issues of fact

regarding the extent of GTCR's control, if any, over the actions of Capella's board, including in

connection with the recapitalization plan.  These are issues that may not need to be addressed

before the Court of Chancery, because the GTCR Defendants are not parties to that lawsuit.

Because Plaintiff has sued Defendants in their capacity as controlling shareholders, and

not as directors or officers of Capella, and because Plaintiff asserts claims of breaches of the

fiduciary duties of loyalty and good faith owed by Defendants as controlling shareholders, the

Court rejects Defendants' arguments with respect to the forum selection clause and will not grant

Defendants' Motion to dismiss on this basis.

**B.      Motion to Stay or Dismiss Under *Colorado River***

Pursuant to *Colorado River*, Defendants move to stay or dismiss Plaintiff's complaint

without prejudice until final resolution of the Chancery action.  (D.I. 13 at 17)  As discussed

above, *Colorado River* abstention may only be invoked if Plaintiff's Chancery case and the

instant case are "parallel." *Ryan*, 115 F.3d at 196.  Cases are "generally" parallel if the same

parties are litigating "substantially identical claims, raising nearly identical allegations and

issues," and if the same remedies are sought in both fora. *Golden Gate*, 629 F. App'x at 350.

Here, the instant case and the parties' litigation in the Court of Chancery are not parallel because

the parties, claims, and remedies sought in this case are different from those that were presented

by Plaintiff in the Court of Chancery.

The Third Circuit has repeatedly stated that cases must generally involve the "same

parties" to be parallel for purposes of *Colorado River* analysis. *See Trent v. Dial Med. of

Florida, Inc.*, 33 F.3d 217, 223 (3d Cir. 1994); *Ryan*, 115 F.3d at 196; *Yang*, 416 F.3d at 204 n.5;

*Marcus v. Twp. of Abington*, 38 F.3d 1367, 1371 (3d Cir. 1994); *Michelson v. Citicorp Nat.

Servs., Inc.*, 138 F.3d 508, 515 (3d Cir. 1998); *Timoney v. Upper Merion Twp.*, 66 F. App'x 403,

405 (3d Cir. 2003); *Golden Gate*, 629 F. App'x at 350. Defendants cite District Court cases that

state a slightly different requirement of "'***substantially*** the same parties.'" (D.I. 13 at 11)

(emphasis added) (quoting *Horack v. Minott*, 1995 WL 330730, at *5 (D. Del. May 26, 1995))

Defendants also cite Seventh Circuit case law which instructs that "[p]arties in separate actions

are 'substantially the same' where they have 'nearly identical interests.'" (D.I. 13 at 11) (quoting

*Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1019 (7th Cir. 2014))

Even under Defendants' articulation of the test for party sameness or similarity, which

appears to conflict with the Third Circuit's standard, the parties in this case are not sufficiently

similar to consider them "the same" as the parties in the Court of Chancery. Plaintiff is suing

Defendants in their capacities as majority shareholders. (D.I. 1 ¶ 1) Plaintiff did not sue

Defendants in the Court of Chancery; instead, there he sued individual directors and Capella for

breaches of fiduciary duties that do not overlap entirely with the breaches of fiduciary duties

12

alleged in this case. *See Capella Holdings, Inc. v. Anderson*, 2015 WL 4238080, at *3 (Del. Ch. July 8, 2015).

Facts relating to the GTCR Defendants as controlling shareholders, and potentially legal questions as well, may need to be developed in this case, whereas there may have been no motivation to develop such facts in the Chancery action. Thus, the legal claims at issue in this case, although supported by substantially similar factual allegations to what was alleged in Chancery, appear to be different enough that abstention under *Colorado River* would be improper. In addition, the relief sought by Plaintiff in this case is not the same as the relief Plaintiff requested in Chancery. *See id.* (noting Plaintiff sought equitable rescissory damages in Chancery); (D.I. 1 at 19 (seeking legal damages in instant case))

Particularly given the "thumb" the Court must place on the scales in favor of exercising jurisdiction, the Court concludes that this case does not fall within the "extremely limited" circumstances in which *Colorado River* counsels abstention.

For the foregoing reasons, this action and the Chancery action are not parallel, and the Court will neither dismiss nor stay this action based on *Colorado River.*

### C.    Motion to Dismiss for Failure to State a Claim

Although the parties in this case differ from the parties in the Chancery action, and the claims and remedies appear to differ from those pressed in Chancery as well, the relevant factual background in this case is substantially similar to the Chancery action. (*See* D.I. 13-1 Ex. C (redline comparison of Plaintiff's Delaware and federal pleadings)) Under an "entire fairness" review of the recapitalization plan, which would be the most favorable standard of review possible for Plaintiff under Delaware law, *see Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345,

13

361 (Del. 1993), *decision modified on reargument*, 636 A.2d 956 (Del. 1994), Plaintiff is required to plead an unfair price using more than "conclusory assertion[s]," *Monroe Cnty. Employees' Retire. Sys. v. Carlson*, 2010 WL 2376890, at *2 (Del. Ch. June 7, 2010). Vice Chancellor Noble concluded that Plaintiff's unfair price allegations were conclusory and insufficient to state a claim for relief under Delaware's pleading standard – which is ***less stringent*** than the applicable standard in this Court – in view of essentially the same facts as are presented in Plaintiff's complaint in this case, with the exception of facts related to the MPT transaction. *See Capella*, 2015 WL 4238080, at *4-6.

The Court agrees with the Chancery Court's analysis of the insufficiency of Plaintiff's pleadings relating to unfairness of price and hereby incorporate's Vice Chancellor Noble's analysis on this issue by reference. *See id.* at *4-6. The additional facts regarding the MPT transaction, which are alleged here but were not before Vice Chancellor Noble (as they had not yet occurred), are insufficient to support an inference that the price assigned to Plaintiff's shares in the recapitalization transaction was unfair. Significantly, Plaintiff continues to rely in the complaint on "a per-share price of at least $3.17 per share" as a fair price for Plaintiff's shares (D.I. 1 ¶ 40), although Plaintiff also avers that a price of around two dollars per share would be a fair valuation in light of the MPT transaction (D.I. 24 at 16). In other words, Plaintiff's fundamental theory – and the price Plaintiff contends is fair – is the same as it was in the Chancery action. If, as the Vice Chancellor found (and as this Court agrees), Plaintiff's allegations in the Chancery action were insufficient, then it must follow that the same allegations to which Plaintiff has added just the MPT transaction facts, are also insufficient here – particularly given the more stringent federal pleading standards.

Even taking Plaintiff's well-pleaded factual allegations as true, Plaintiff has merely alleged that there are disputes about what the fair price of his shares was in April 2014. He has failed to sufficiently plead an unfair price. Given this deficiency, all of Plaintiff's breach of fiduciary duty claims fail to state a claim on which relief can be granted under Delaware law. Accordingly, Plaintiff's claims must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion (D.I. 12) is **GRANTED** and Plaintiff's complaint (D.I. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT

15